IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSEPH PAUL JOHNSON, ) | |
| ) | |
|    Plaintiff, ) | Civil Action No. 7:21cv00504 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JOSHUA SALMON, *et al.,* ) | By:  Hon. Thomas T. Cullen |
| ) |       United States District Judge |
|    Defendants. ) | |

Plaintiff Joseph Paul Johnson, a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against Joshua Salmon and the Amherst County Adult Detention Center ("ACADC"). Johnson seeks leave to proceed *in forma pauperis* with this action. Having reviewed Johnson's complaint and financial documents, the court grants his request to proceed *in forma pauperis* but concludes that Johnson fails to state a cognizable federal claim against either of the named defendants. Therefore, the court will dismiss Johnson's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

Johnson alleges that "ACADC medical is refusing to provide a c-pap [machine] for [his] sleep apnea," that it "takes several months to be seen by mental health," and that "healthcare is inadequate." (Compl. ¶ E [ECF No. 1].) As relief, Johnson seeks "punitive damages and [an] expedited transfer" to a Virginia Department of Corrections facility. (*Id.* ¶ F.) The court previously advised Johnson that his complaint failed to state a claim against the named defendants and gave him the opportunity to file an amended complaint. (*See* ECF No. 7.) Johnson did not respond to the court's order.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Because a detention center is not a legal entity, it is not a "person" subject to suit under § 1983 and Johnson cannot maintain this action against the defendant ACADC. *See McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992).

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Despite being given the opportunity to amend his complaint, Johnson has not alleged sufficient facts for the court to determine that defendant Salmon was deliberately indifferent to any serious medical need. In fact, Johnson fails to allege any facts against Salmon. Therefore, the court concludes that Johnson has failed to state a cognizable claim against Salmon.

For the reasons stated, the court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Johnson.

**ENTERED** this 14th day of March, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE